**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| WILLIAM CHARLES CRAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:26-CV-227-DCLC-MJD |
| | ) | |
| WARDEN PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff William Charles Crayton, a prisoner housed in the Morgan County Correctional Complex ("MCCX"), is proceeding pro se in this civil rights action under 42 U.S.C. § 1983 [Doc. 2]. Plaintiff has filed a motion for leave to proceed *in forma pauperis* in this action [Doc. 1]. For the reasons set forth below, the Court finds that Plaintiff's motion [*Id*.] should be denied and this action dismissed without prejudice to Plaintiff's ability to pay the filing fee and reinstate this case.

## I. LAW AND ANALYSIS

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by what is commonly referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The United States District Court for the Middle District of Tennessee has found that Plaintiff has accumulated at least three "strikes" under this rule. *See Crayton v. Lindamood*, No. 1:17-CV-5, Doc. 6 (M.D. Tenn. 2017) (citing strikes in *Crayton v. City of Memphis*, No. 2:09-CV-

2499 (W.D. Tenn. 2010) (dismissal for failure to state claim); *Crayton v. Lester*, No. 2:12-CV-3051 (W.D. Tenn. 2013) (same); *Crayton v. Tenn. Dep't of Corr*., No. 2:12-CV-2799 (W.D. Tenn. 2013) (same)). A review of Plaintiff's litigation history yields that he has had additional cases dismissed for failure to state a claim. *See, e.g.*, *Crayton v. City of Memphis*, No. 2:09-CV-2499, Doc. 12 (W.D. Tenn. 2010); *Crayton v. Lester*, No. 2:13-CV-2115, Doc. 5 (W.D. Tenn. 2013); *Crayton v. T.D.O.C.* No. 2:13-CV-2698, Doc. 6 (W.D. Tenn. 2014). These cases demonstrate that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

To avail himself to the "imminent danger" exception under § 1915(g), Plaintiff's complaint must contain "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc*., 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). It applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt*., 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted).

Plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, he complains that Defendants' actions previously endangered him and/or violated his rights [*See generally* Doc. 2]. Therefore, Plaintiff is not entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA. *See, e.g., Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (explaining that "[b]y using the term 'imminent,' Congress indicated that it wanted

to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred").

## II. CONCLUSION

For the reasons set forth above, Plaintiff's motion[1] to proceed *in forma pauperis* [Doc. 1] is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Finally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

s/Clifton L. Corker
United States District Judge

[1] The Court notes that the motion is also deficient, as it is not accompanied by the required inmate trust account statement for the previous six months or its institutional equivalent. *See* 28 U.S.C. § 1915(a)(2). In fact, the Inmate Certification contains no signature or inmate balance yet is inexplicably notarized [Doc. 1 p. 3].